UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :

     - v. -                   :     <u>Protective Order</u>

TERRY FORMER,              :     19 Cr. 781 (PKC)
ELIZABETH McKINNEY-KIPER,
     a/k/a "Lizz,"               :
     a/k/a "Elizabeth Kiper,"
and                         :
JAZMYNE ALYCE JOHNS,

                             :

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Upon the application of the United States of America, with the consent of undersigned

counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby

finds and orders as follows:

      **1. Disclosure Material.** The Government will make disclosure to the defendant of

documents, objects and information, including electronically stored information ("ESI"), pursuant

to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "disclosure material." The Government's disclosure material may include

material that (i) affects the privacy, confidentiality and business interests of individuals and

entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of

uncharged individuals; and (iii) that is not authorized to be disclosed to the public or disclosed

beyond that which is necessary for the defense of this criminal case.

      **2. Facilitation of Discovery.** The entry of a protective order in this case will permit the

Government to produce expeditiously the disclosure material without further litigation or the need

for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Material

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within

30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

Geoffrey S. Berman
United States Attorney

by: _____     Date: _____
Tara M. La Morte
Emily Deininger
Assistant United States Attorneys

by: _____     Date: _1/15/20_
Louis Freeman
Attorney for Terry Former

by: _____     Date: _____
Jonathan Marvinny
Attorney for Elizabeth McKinney Kiper

3

30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

Geoffrey S. Berman
United States Attorney

by: _____          Date: _____
Tara M. La Morte
Emily Deininger
Assistant United States Attorneys

by: _____          Date: _____
Louis Freeman
Attorney for Terry Former

by: _____          Date: _1/13/20_
Jonathan Marvinny
Attorney for Elizabeth McKinney Kiper

3

by: _Donald Duboley_         Date: _1/13/20_
Don Duboley
Attorney for Jazmyne Johns

SO ORDERED:

Dated: New York, New York
      January 16, 2020

THE HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

4